UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TRUSTEES OF THE LOCAL 1034 I.B.T. INSURANCE :
TRUST FUND, et al.,     MEMORANDUM AND ORDER

                             Plaintiffs,     09-cv-3109 (ENV) (RLM)

                     -against-

MAGNOLIA FUNERAL SERVICE INC.,

                             Defendant.
------------------------------------------------------------------- x
VITALIANO, D.J.

     On July 21, 2009, plaintiffs Trustees of the Local 1034 I.B.T. Insurance Trust Fund, the Local 1034 I.B.T. Pension Trust Fund, and the Local 813 and 1034 Severance Trust Fund, filed this action pursuant to section 502 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"), and section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, against defendant Magnolia Funeral Service, Inc. The crux of plaintiffs' allegations is that defendant failed to make timely required contributions to the various funds in contravention of a collective bargaining agreement ("CBA"), to which defendant became a signatory on August 22, 2008. (Docket #7, Ex. A.)

     After defendant failed to answer or otherwise respond to the complaint, plaintiffs moved for default judgment in documents filed with the Court on October 15, 2009. (Docket #7.) That same day, the Clerk of the Court issued a certificate of default noting that process was served on defendant on August 4, 2009, by service on the New York Secretary of State, and that proof of such service was filed on August 17, 2009. (Docket #8.) On December 3, 2009, the Court granted plaintiffs' motion for a default judgment and the action was referred to Magistrate Judge Roanne L.

1

Mann to conduct an inquest and prepare a Report and Recommendation ("R&R") on the amount of damages, inclusive of costs and disbursements, to be awarded. (Docket #9.)

On February 23, 2010, after requesting and receiving supplemental affirmations from plaintiffs itemizing the damages and fees they were demanding, and addressing the court's concerns about the adequacy of service of process on defendant, Judge Mann prepared a R&R that the Court award plaintiffs $4,421.00 in damages for unpaid fringe benefit contributions plus interest[1], $2,479.63 in liquidated damages for late payments,[2] $1,125.00 in reasonable attorney's fees, and $350.00 in costs (i.e., the court filing fee). (Docket # 19.)

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Neither party has filed any objection.

After careful review of the record, the Court finds Judge Mann's R&R as to the appropriate disposition of this matter to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety. The Clerk of the Court is directed to enter

---

[1] Interest is to be calculated at the applicable federal short term interest rate as per the schedule set forth in footnote 5 of Judge Mann's R&R. (Docket #19, at 10 n.5.)

[2] As Judge Mann correctly points out, plaintiffs are only entitled to their asserted liquidated damages for late payments based on a theory of contractual liability, because ERISA does not permit liquidated damages awards for payments received in full prior to the filing of this action. Since ERISA does not apply, and further does not in any way preempt the contractual claim, see Huff v. Watson Servs., Inc., No. 06-CV-4862, 2008 WL 941482, at *7 (S.D.N.Y. Feb. 13, 2009), plaintiffs' liquidated damages are not limited to "an amount not in excess of 20 percent of [the unpaid contributions]" by 29 U.S.C. § 1132(g)(2)(B)(ii).

2

judgment consistent with this Memorandum and Order and to close this case. The Clerk is further directed to send a copy of this Memorandum and Order to defendant, via Federal Express, at the following address:

> Magnolia Funeral Service, Inc.
> 1070 Foster Street
> Franklin Square, NY 11010
> Attn: James Arevalo

SO ORDERED.

DATED: Brooklyn, New York
March 25, 2010

ERIC N. VITALIANO
United States District Judge